### BEAN & a. v. FITZPATRICK.

A landlord's breach of a covenant to perform special services for his tenant is not an eviction.

CASE, for depriving the plaintiffs of the use of a printing-office. Facts found by the court. In September, 1889, the parties entered into a contract by which the plaintiffs were to have the right to print a paper, of which they were the publishers, in the defendant's printing-office. They were to have the use of the press, engine, boiler, and types, and the privilege of occupying the editorial room. The defendant was to furnish fuel for the boiler, and a hand to run the boiler and press. The plaintiffs agreed to pay the defendant two dollars per week for the presswork, including use of press, boiler, and engine, and three dollars and fifty cents per week for use of the office, type, and other printing material. The plaintiffs soon became delinquent in their payments, and on November 9 the defendant demanded of the plaintiffs immediate payment of the amount then due. Upon the plaintiffs' neglect to comply with the demand, the defendant notified them that he should not furnish them with power. In the evening the plaintiffs started a fire under the boiler and were preparing to print their paper themselves, when the defendant turned down the gaslights, opened the boiler door, and told the plaintiffs that they could not print their paper there unless they paid up. Thereupon the plaintiffs left the office.

*William Little*, for the plaintiffs.

*Charles A. O'Connor*, for the defendant.

*Per Curiam.*[*] The plaintiffs contend that they were tenants of the defendant, and that they could not be ejected or deprived of the occupancy of the printing-office, because the defendant had not given them notice to quit.

Whether they were tenants entitled to notice we need not inquire, as they were not evicted or deprived of the occupancy. The defendant merely refused to perform the executory contract on his part, and he was justified in his refusal by the plaintiffs' violation of the contract in regard to payment. The defendant was to furnish fuel for the boiler, and a hand to run the boiler and press. This he properly refused to do, and the contract did not

---

[*] See foot-note on page 80.

provide that the plaintiffs might do it. Turning down the gas was a reasonable mode of preventing the plaintiffs' running the boiler and press, which they had no right to run.

*Judgment for the defendant.*

SMITH, J., did not sit: the others concurred.

